## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re: | (Chapter 11) |
| Tessemae's LLC,[1] | Case No. 23-10675 (NVA) |
| Debtor. | |
| TESSEMAE'S, LLC, DEBTOR AND DEBTOR-IN-POSSESSION, | |
| Plaintiff, | Adv. Proc. No. 23-00039 (NVA) |
| v. | |
| DEMOCRACY CAPITAL CORPORATION, | |
| Defendant. | |

## DEBTOR'S SUPPLEMENTAL MEMORANDUM
## IN OPPOSITION TO MOTION TO DISMISS

Plaintiff, Tessemae's LLC, as Debtor and Debtor-in-Possession ("Plaintiff" or the "Debtor"), by its undersigned counsel, submits this Supplemental Memorandum in opposition to the Motion to Dismiss [Docket No. 4] filed by Democracy Capital Corporation ("DCC") and states as follows:[2]

---

[1] The Debtor in this chapter 11 case and the last four digits of its federal tax identification are Tessemae's LLC (2871). The Debtor's principal address is 714 South Wolfe Street, P.O. Box No. 38438, Baltimore, Maryland 21231.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in *Plaintiff's Opposition to Democracy Capital Corporation's Motion to Dismiss Debtor's Complaint (1) to Determine Validity, Priority, or Extent of Lien Pursuant to 11 U.S.C. § 506(d); (2) Objection to Allowance of Claim Pursuant to Bankruptcy Rule 3007; (3) for Avoidance of Incurrence of Debt as Fraudulent Pursuant to 11 U.S.C. §§ 544 and 550; (4) for Equitable Subordination Pursuant to 11 U.S.C. § 510(c); (5) for Monetary Damages for Breach of Contract;*

## I.    PRELIMINARY STATEMENT

This Supplemental Memorandum is submitted to streamline argument at the hearing on DCC's Motion, set for January 30, 2024 (the "Hearing").  As explained in the Debtor's Opposition, the Motion relies upon spurious legal contentions and improperly raised factual allegations from beyond the four corners of the Complaint.  The Debtor expects that DCC will seek to present oral argument at the Hearing consistent with the Motion, including a discussion of its own version of the facts.  These allegations are improper by law at the motion to dismiss stage and the Debtor trusts that the Court will preclude any such argument at the Hearing.  But as the scope of the Hearing cannot be predicted with certainty, the Debtor must call to the Court's attention two key events that have occurred since the filing of the Motion and Opposition, and which serve to undermine DCC's arguments.  Both events are discussed below.

## II.    ARGUMENT

### A.    The filing of DCC's Proofs of Claim nullifies its sole argument for dismissal of Counts I and II of the Complaint.

The Motion asserts only one argument for why Counts I and II should be dismissed, which is that they were supposedly premature because DCC had not filed a proof of claim as of the date of the Motion.  Motion, at ¶¶ 30 and 31.  As explained by the Debtor in its Opposition, however, (i) DCC's argument is wrong as a matter of law and (ii) DCC was always certain to file a proof of claim in the Debtor's chapter 11 case, which it did on May 23, 2023.  In fact, DCC filed two proofs of claim—one on behalf of itself [Claim No. 67] and one purportedly on behalf of a host of allegedly subordinated creditors [Claim No. 68] (the "POCs").  As such, it is unclear why DCC

---

and (6) Intentional Interference with Business Relations and for Related Relief [Adv. Doc. No. 8] (the "Opposition").

would assert this specious argument at all, forcing the Debtor and the Court to spend time and resources opposing and evaluating it.

In any event, at this point, DCC has filed the POCs and thereby nullified the only argument it raised in support of dismissing Counts I and II. DCC is not permitted to assert new arguments on these points during the pendency of the Motion, so there is no reason to address them at the Hearing other than to confirm that the Motion is denied with respect to Counts I and II.

**B.      The summary judgment ruling in Baltimore County Circuit Court contradicts DCC's version of the facts, confirms the material factual issues requiring discovery, and highlights the need for this Court to make findings of fact and conclusions of law only <u>after trial in this Adversary Proceeding</u>.**

On February 22, 2023, DCC filed in the chapter 11 case its *Motion for Relief from Stay to Allow State Court Action to Proceed to Judgment and for Defense of Counterclaim and Related Relief* [Main Case Doc. No. 51] (the "<u>Motion for Relief from Stay</u>"). The Motion for Relief from Stay sought a modification of the automatic stay to allow an action filed by DCC against Tessemae's and the Vetters (Case No. C-03-CV-20-004048, the "<u>State Court Action</u>") in the Circuit Court for Baltimore County, Maryland (the "<u>Baltimore County Court</u>") to proceed to a ruling on DCC's second summary judgment motion filed in that case, dated December 23, 2022 (the "<u>MSJ</u>").

In the Motion for Relief from Stay, and at the hearing thereon (held on April 6, 2023), counsel for DCC repeatedly urged the Court that a ruling on the MSJ had been imminent, and that "the [Baltimore County Court] was prepared to rule expeditiously on the nature of Tessemae's defaults and the extent of the debt Tessemae's owed Democracy under the Loan Agreement." <u>See, e.g.</u>, Motion for Relief from Stay, at ¶ 33. DCC argued, against the Debtor's objection, that such a ruling would resolve the Debtor's claims against DCC and thereby serve the interest of judicial economy. The Court granted the Motion for Relief from Stay by Memorandum Order dated

August 10, 2023, permitting the Baltimore County Court to rule on the MSJ [Doc. No. 196] (the "Stay Order").

Far from vindicating DCC's predictions, the Baltimore County Court did not rule on the MSJ for more than four months after the Stay Order was entered and did not resolve or narrow any of the issues presently before this Court. Judge Truffer of the Baltimore County Court issued his Opinion on December 11, 2023 explaining his decision to partially grant the MSJ and to enter judgment against the Debtor (the "MSJ Opinion").[3] As explained below, (i) the sparse findings of fact in the MSJ Opinion actually favor the Debtor, but do not dispense with the need for this Court to make findings of fact concerning the vast majority of the allegations in the Complaint, and (ii) the partial grant of summary judgment is based on flawed and legally impossible reasoning that would be overturned on appeal, and which should not be supported by this Court.[4]

> **i.      Judge Truffer's findings of fact support the Debtor's position.**

At a high level, the Debtor's primary argument against DCC's claim is that the Debtor fully paid off DCC's loan in April 2020 and issued to DCC a conforming stock warrant in satisfaction of all of the Debtor's obligations to DCC under the parties' loan agreement. Conversely, DCC's claim for upwards of $16 million is based on the fiction that the loan was not paid off—despite the undisputed fact that DCC received more than $4 million on account of its principal loan of $3 million—because the Debtor allegedly breached the loan agreement by incurring additional debt prior to the payoff and the warrant. A central question is whether the loan was paid off or if the

---

[3] Exhibit A to DCC's *Amended Line Submitting Opinion and Judgment Granting Summary Judgment in Favor of Democracy Capital Corporation and Against Tessemae's LLC and Dismissal of Tessemae's LLC's Counterclaims Against Democracy Capital Corporation in the Circuit Court for Baltimore County Litigation* [Main Case Doc. No. 262-1].

[4] The Baltimore County Court's entry of judgment does not represent a "final judgment" and is therefore not ripe for appeal at this time.

Debtor had previously breached the loan agreement by incurring unauthorized debt without the permission of DCC.  The issue was forefront in the MSJ because DCC sought a ruling that Tessemae's breached the loan agreement by incurring such unauthorized debt, and on that basis Tessemae's was not entitled to pay off its loan obligations with a stock warrant instead of a $7.5 million cash exit fee.  *See* Motion to Dismiss, ¶11.

In ruling on the MSJ, far from agreeing with DCC, Judge Truffer explained that:

> [w]hile the record is thin on this point, a fair reading of the communications cited by Tessemae's suggests that ***there was at least some understanding on the part of DCC (through one of its shareholders, Jim Plack) of Tessemae's intentions and its efforts to borrow funds to cover operating expenses and, at least in part, to apply those funds against the debt to DCC.***  Mr. Plack's texts and email appear to acknowledge these efforts and, in Tessemae's view, operated as oral approval of the loans.

MSJ Opinion, at p. 5 (emphasis added).

Judge Truffer concluded:

> [b]ased on the record presented, the court finds that there is a genuine dispute of material fact as to ***whether DCC's knowledge of and failure to object to Tessemae's borrowing*** amounted to a waiver or estoppel of DCC's ability to enforce a breach of the Loan Agreement.

Id., at 6 (emphasis added).

It is important enough to repeat that the foregoing passages reflect Judge Truffer's findings as a matter of fact that ***DCC knew about the loans Tessemae's secured in 2019 and early 2020*** and failed to object to them.  Ironically, these findings support the Debtor's bankruptcy-related causes of action, including for equitable subordination.  DCC's knowledge of Tessemae's loans and DCC's subsequent feigned indignation were clearly inequitable and designed to induce Tessemae's to close on the loans used to make millions of dollars of payments to DCC.  DCC only began to assert that the loans were unauthorized when it learned it would receive a stock warrant

instead of the $7.5 million cash exit fee it wanted, and only after receiving full cash payment for the balance due under the loan.

Moreover, Judge Truffer's finding that there is a dispute of facts about whether DCC knew of and failed to object to Tessemae's efforts to secure funding in 2019 and early 2020 for the purpose of paying off DCC's loan also supports the Debtor's causes of action set forth in Count V, Breach of Contract and the Covenant of Good Faith and Fair Dealing, and Count VI, Intentional Interference with Business Relations, in addition to Count IV, Equitable Subordination. Accordingly, to the extent that the MSJ Opinion has any bearing at all on the claims set forth in the Complaint, it is in the Debtor's favor and provides additional grounds for denying the Motion.

> **(ii)      The MSJ Opinion holds that the Debtor defaulted on affirmative covenants in the loan agreement without resolving the threshold question of whether the loan was paid off and the covenants terminated years earlier.**

As the Debtor predicted would be the case, the Baltimore County Court's ruling on the MSJ failed to streamline these proceedings and provides no support for DCC's arguments that the Complaint fails to state claims for which relief can be granted.  Judge Truffer granted partial summary judgment on the basis that, in November 2022, Tessemae's breached the affirmative covenant in the loan agreement to disclose to DCC any litigation filed against it.  The obvious problem, however, is that the Debtor maintains that the loan was paid off more than 2 ½ years earlier, in April 2020, and the Baltimore County Court did not resolve this question.  If the Debtor is right, and the loan was paid off in April 2020, the covenants would have terminated, and it would be impossible for the Debtor to breach them in November 2022.  The Baltimore County Court, in its Opinion, failed to recognize that covenants in a loan agreement have no legal effect and are no longer binding after the loan is paid in full.

The foregoing is a gating issue that cannot be avoided.  The Baltimore County Court noted in its Opinion that DCC's first motion for summary judgment, which was based on the Debtor's alleged failure to pay its principal obligations under the loan agreement, was denied.  MSJ Opinion, at 2 n.3.  Having previously denied summary judgment on the issue of whether the loan was paid in full in April 2020, it is perplexing that the Baltimore County Court granted summary judgment based on breach of a loan covenant 2 1/2 years later.  The MSJ Opinion serves only to highlight that this Court will need to make its own findings of fact on the issues raised in the Complaint after permitting the parties to conduct discovery.

Lastly, the Debtor wishes to note again that DCC's attempt to transmogrify the upcoming Hearing from an evaluation of the allegations in the Complaint to an evaluation of the merits is improper.  In light of DCC's approach to this litigation as well as the unresolved factual issues which led the Baltimore County Court to deny summary judgment except on the flawed basis that the Debtor failed to disclose litigation filed 2 ½ years after its obligations ceased to exist under the DCC loan, the Debtor submits this Supplemental Memorandum to bring these developments to the Court's attention in advance of the hearing.

### III.    <u>CONCLUSION</u>

For the reasons stated herein and those set forth in the Opposition, the Debtor respectfully requests that the Court deny the Motion and grant such other and further relief as is just and proper.

65577/0002-46832166v2

Dated:  January 23, 2024                    **COLE SCHOTZ P.C.**


By:    */s/ Gary H. Leibowitz*
       Gary H. Leibowitz (Bar No. 24717)
       Irving E. Walker (Bar No. 00179)
       H.C. Jones III (Bar No. 20064)
       J. Michael Pardoe (Bar No. 20730)
       1201 Wills Street, Suite 320
       Baltimore, MD  21231
       (410) 230-0660
       (410) 230-0667 (fax)
       gleibowitz@coleschotz.com
       iwalker@coleschotz.com
       hjones@coleschotz.com
       mpardoe@coleschotz.com

       *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2024, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Debtor's Supplemental Memorandum in Opposition to Motion to Dismiss (the "Supplemental Memorandum") will be served electronically by the Court's CM/ECF system on the following:

Gerard R. Vetter
Assistant U.S. Trustee
Office of the U.S. Trustee
101 West Lombard Street, Suite 2625
Baltimore, MD 21201

Hugh M. Bernstein, Assistant United States Trustee
Office of the United States Trustee
101 West Lombard Street, Suite 2625
Baltimore, MD 21201

Lawrence A. Katz, Esq.
Hirschler Fleischer
1676 International Drive, Suite 1350
Tysons, VA  22102

Richard L. Costella, Esq.
Tydings & Rosenberg, LLP
1 East Pratt Street, Suite 901
Baltimore, MD 21202

Joyce A. Kuhns, Esq.
Mark J. Dimenna, Esq.
Offit Kurman, P.A.
1954 Greenspring Drive, Suite 605
Timonium, MD 21093

C. Kevin Kobbe, Esq.
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209

Catherine Keller Hopkin, Esq.
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401

Kimberly A. Manuelides, Esq.
McNees Wallace & Nurick
600 Washington Avenue, Suite 300
Towson, MD 21204

Monique D. Almy, Esq.
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004

Craig B. Leavers, Esq.
The Law Offices of Craig B. Leavers, LLC
P.O. Box 306
Cockeysville, MD 21030

Robert A. Gaumont, Esq.
Sudipta Das, Esq.
Gordon Feinblatt, LLC
1001 Fleet Street, Suite 700
Baltimore, MD 21202

Alison D. Bauer, Esq.
Jiun-Wen Bob Teoh, Esq.
Foley Hoag LLP
1301 Avenue of the Americas, 25th Floor
New York, NY 10019

Michael J. Klima, Jr., Esq.
Klima, Peters & Daly, P.A.
8028 Ritchie Highway, Ste. 300
Pasadena, MD 21122

I further certify that on January 23, 2024, a copy of the Supplemental Memorandum was served via First-Class mail, postage prepaid, on the parties listed on the attached service list.

I further certify the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  January 23, 2024                    **COLE SCHOTZ P.C.**

By:  */s/ Gary H. Leibowitz*
Gary H. Leibowitz (Bar No. 24717)
1201 Wills Street, Suite 320
Baltimore, MD  21231
(410) 230-0660
(410) 230-0667 (fax)
gleibowitz@coleschotz.com

*Counsel for Plaintiff*

### SERVICE LIST

| | |
|---|---|
| Ally Bank, c/o AIS Portfolio Services, LLC<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118 | CE CID LLC<br>2410 Evergreen Road, Suite 201<br>Gambrills, MD 21054 |
| LEC LLC<br>845 E. Heartstrong St.<br>Superior, CO 80027 | Vetter Brothers Manufacturing, LLC<br>Attn: Brian Vetter<br>595 Owensville Road<br>West River, MD 20775 |
| Peter R. McDermott<br>1 Pond Dr.<br>Englewood, CO 80113 | Robert F. McDermott, Jr.<br>4455 South Holly Street<br>Cherry Hills Village, CO 80111 |
| Clearview Group<br>Attn: Brian Davis<br>11155 Red Run Blvd., Suite 410<br>Owings Mills, MD 21117 | Jupiter Fund LLC<br>546 Fifth Avenue, 7th Floor<br>New York, NY  10036 |
| K2 Trust, LLC<br>5244 N. 37th Place<br>Paradise Valley, AZ 85253 | Fleet Street Club III L.P.<br>11770 US Highway 1, Suite 503<br>Palm Beach Gardens, FL 33408 |
| Benjamin H. Griswold IV<br>901 S. Bond St., Suite 400<br>Baltimore, MD 21231 | Benjamin H. Griswold IV<br>2838 Butler Road<br>Reisterstown, MD 21136 |
| David Charles Moran<br>375 W. Royal Flamingo Dr.<br>Sarasota, FL 34236 | Tenacious Adventures<br>Attn: Kipp Lassetter<br>24546 N. 91st Street<br>Scottsdale, AZ 85255-2911 |
| GP Stamas Family Trust<br>5 Waterbury Court<br>Baltimore, MD 21212 | C&J Irrevocable Trust<br>5973 West Cielo Grande<br>Glendale, AZ 85301 |
| M&C Irrevocable Trust<br>5973 West Cielo Grande<br>Glendale, AZ 85301 | Scott Carmel<br>3301 NE 1st Ave., PH 2<br>Miami Beach, FL 33139 |
| John Ege<br>100 St. Paul St., Suite 800<br>Denver, CO 80206 | Brown, Goldstein & Levy, LLP<br>c/o Nina Pughsley<br>120 E. Baltimore Street, Suite 2500<br>Baltimore, MD 21202 |
| Christina Pagano<br>3340 W. Catalina Lane<br>Boise, ID 83705-4007 | Falling Green Capital LLC<br>408 Woodland Estates Way<br>Millersville, MD 21108 |

| | |
|---|---|
| Altus Receivables Management Inc.<br>2121 Airline Drive, Suite 520<br>Metairie, LA 7001-5987 | Deborah Grove Living Trust<br>Attn: Deborah M. Grove<br>5936 Elmer Derr Rd.<br>Frederick, MD 21703 |
| Donald McDonald<br>595 Owensville Road<br>West River, MD 20775 | |